### OMER BOND v. STATE OF MISSISSIPPI.

[52 South. 585.]

CRIMINAL LAW AND PROCEDURE. *Rape. Supreme court practice. State-ments of judge in hearing of jury. Motion for new trial. Fail-ure to assign.*

Statements of the trial judge made in the hearing of the jury, while ruling upon the admissibility of evidence, will not be considered by the supreme court unless they were assigned as a ground for a new trial in the court below.

FROM the circuit court of Harrison county.

HON. THOMAS H. BARRETT, Judge.

Bond, appellant, was indicted and tried and convicted of rape and appealed to the supreme court. The conviction was affirmed, without any written opinion being delivered. Afterwards, appellant's attorneys presented a vigorous suggestion of error.

*Wm. G. Evans* and *Jeff D. McLendon,* for the suggestion of error.

*James R. McDowell,* assistant attorney-general, *contra.*

SMITH, J., delivered the following response to the suggestion of error.

Appellant suggests that the court, in affirming the judgment of the court below, may have overlooked some vital matters in connection with the testimony of Edna Davis, the little ten year old girl upon whose testimony alone this defendant has been convicted and sentenced to life imprisonment in the state penitentiary.

The matter referred to was certain language used by the trial judge in the presence of the jury in ruling upon the admissibility of the testimony of this witness. This assignment of error was not considered by us when we first had this cause under investigation, nor can it be considered by us now, for the reason that the language of the judge was not assigned in the court below as ground for a new trial in the motion therefor; consequently the exception reserved thereto at the time same was used was waived. *Richburger v. State,* 90 Miss. 806, 44 South. 772.

*Suggestion of error overruled.*